# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RAYMOND L. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 C 10459 |
| ) | |
| GOLIATH ARTISTS, INC., SHADY ) | |
| RECORDS, INC., INTERSCOPE ) | |
| RECORDS, INTERSCOPE RECORDS ) | |
| AFTERMATH RECORDS under ) | |
| UNIVERSAL MUSIC GROUP, INC., ) | |
| and MARSHALL MATHERS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Raymond Jones ("Jones") has filed a self-prepared Complaint against a number of defendants, asserting under the caption "Jurisdiction and Venue" that he is advancing both claims under the "Copyright Laws of the United States" and "related state law claims." This memorandum order is issued sua sponte because of some problematic aspects of that pro se pleading.

To begin with, Jones' substantive allegations, brought under the headings "First Cause of Action" and "Second Cause of Action," are both labeled as claiming "Common Law Copyright Infringement"[1] -- no <u>federal</u> copyright claims are specified in the body of the Complaint. That being the case, Jones must look to diversity of citizenship rather than federal question jurisdiction as his ticket of entry to this District Court.

---

[1] This Court expresses no substantive view as to the viability or nonviability of any state law claim tendered by Jones.

In that respect there is no problem in meeting the statutory amount-in-controversy requirement, for Paragraph 8 of each "Cause of Action" specifies an ad damnum in excess of $8 million in compensatory and punitive damages. But the Complaint's allegations as to citizenship are deficient in every respect:

1. Parties ¶ 1 speaks of Jones' place of business in Chicago, but it says nothing about his state of citizenship.

2. Parties ¶¶ 2 through 4 specify the state of incorporation of each of the three corporate defendants, but those paragraphs then speak only of each "having an office" or "having an address." That being so, the 28 U.S.C. § 1332(c)(1) essential element of each corporation's "principal place of business" is nowhere identified.

3. As with Jones, Parties ¶ 5's reference to individual defendant Marshall Mathers speaks only of a New York City address, again being silent as to his state of citizenship.

Under those circumstances such cases as Adams v. Catrambone, 359 F.3d 858, 861 n.3 (7th Cir. 2004) command that "the District Court must dismiss the suit." This Court is loath to comply with that Draconian mandate where as here, Jones has invested $400 in payment of the filing fee. Accordingly Jones must cure the jurisdictional defects identified here by filing appropriate amendments to his Complaint on or before January 19, 2015, failing which this Court would be constrained to dismiss this action for lack of federal subject matter jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 8, 2015